UNITED STATES OF DISTRICT COURTS OFFICE
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.

05 - 10357 GAO

|  |  |
|---|---|
| WILLIAM GARCIA, Jr, ) | |
| ) | |
| Plaintiff, ) | |
| ) | RECEIPT # |
| v. ) | AMOUNT $250 |
| ) | SUMMONS ISSUED Yes |
| CITY OF NEW BEDFORD, ) | LOCAL RULE 4.1 |
| NEW BEDFORD POLICE DEPARTMENT, ) | WAIVER FORM |
| DAVID ROY, BRUCE EDMUNSON, ) | MCF ISSUED |
| JILL SIMMONS, RICHARD NETINHO, ) | BY DPTY. CLK. |
| and ERIC DACOSTA, ) | DATE 2/23/05 |
| ) | |
| Defendants ) | |

## COMPLAINT AND JURY DEMAND

I.  *Introduction*

This is a civil rights action for money damages brought against the City of New Bedford, its Police Department, its Police Chief, and multiple officers for injuries caused by an unwarranted shooting of the plaintiff, William Garcia, Jr., who was unarmed, in his apartment in New Bedford. This violation of Mr. Garcia's constitutional and statutory rights occurred despite the fact that he was unarmed and posed no threat to the officers who shot him. The violation continued and was compounded by the fact that Mr. Garcia was prosecuted for assaulting the officers who shot him, in spite of the fact that he was holding a Nextel phone, not a weapon, when the police barged into his apartment. The police seized a knife at the scene, but the Plaintiff claims that the New Bedford Police took the knife from the kitchen draw at his apartment.

## II.   *The Parties.*

1. The plaintiff, William Garcia, Jr. ("Garcia") is an individual residing at 192 Belleville Road, Bristol, County of New Bedford, Massachusetts.

2. The defendant, The City of New Bedford ("New Bedford") is a municipal corporation organized under the laws of the Commonwealth of Massachusetts, and located at the Municipal Building at 133 William Street, New Bedford, Massachusetts 02740.

3. The defendant, New Bedford Police Department is an agency of the City of New Bedford and located at 871 Rockdale Avenue, New Bedford, Massachusetts 02740.

4. The defendant, David Roy, is an individual who was employed as a police officer of the New Bedford Police Department, at all times relevant to this Complaint. He is sued in his individual capacity.

5. The defendant, Bruce Edmundson, is an individual who was employed as a police officer of the New Bedford Police Department, at all times relevant to this Complaint. He is sued in his individual capacity.

6. The defendant, Jill Simmons, is an individual who was employed as a police officer of the New Bedford Police Department, at all times relevant to this Complaint. She is sued in her individual capacity.

7. The defendant, Richard Netinho, is an individual who was employed as a police officer of the New Bedford Police Department, at all times relevant to this Complaint. He is sued in his individual capacity.

8. The defendant, Eric DaCosta, is an individual who was employed as a police officer of the New Bedford Police Department, at all times relevant to this Complaint. He is sued in his individual capacity.

9. At all times relevant to this Complaint, the actions taken by the defendant Police Officers were taken under color of laws of the Commonwealth of Massachusetts.

### III. *Jurisdiction*

10. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985(3), 1986 and 1988; and 18 U.S.C. §§ 1341, 1511; 1961 (and statutes cited therein) through 1967; and upon the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1337 and 1343. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

### IV. *Facts Relevant to All Counts*

11. On Tuesday, February 26, 2002, Mr. Garcia had an argument with his girlfriend, Tracy Galhardo, at their apartment.

12. Members of the New Bedford Police Department responded to the domestic dispute after a neighbor reported arguing at the apartment location. When they arrived, they found Ms. Galhardo outside the apartment, which is located on the second floor of a building located at 192 Belleville Road in New Bedford.

13. Ms. Galhardo told the police officers that she believed that Mr. Garcia was intoxicated and that she wished the police to place him in protective custody.

14. Mr. Garcia was in the second floor apartment telephoning his father, Mr. William Garcia, a Detective with the New Bedford Police Department, for advice and assistance.

3

15. Mr. Garcia was holding his Nextel telephone to his ear when Officers Roy, Edmundson, DaCosta, Netinho, and Sergeant Simmons broke down his door and entered the apartment.

16. Without any warning or sufficient cause, Officers Roy and Netinho fired their weapons at Mr. Garcia, hitting him in the arm and chest with two bullets.

17. Mr. Garcia was rushed to St. Lukes Hospital by ambulance, where he underwent extensive surgery and remained hospitalized for fifteen days.

18. The New Bedford Police arrested Mr. Garcia at the scene and he was considered "in custody" at St. Lukes Hospital. Mr. Garcia was charged with four (4) counts of assault with a dangerous weapon on a police officer, assault and battery on Ms. Galhardo and malicious destruction of personal property.

19. During the investigation following the shooting, the responding officers engaged in a course of action to conceal the true events that occurred on February 26, 2002. They claimed that Mr. Garcia was holding a knife when in fact he was holding a cell phone. They also engaged in intimidating interviews of witnesses in an attempt to belatedly justify their actions.

20. This cover-up resulted in false criminal charges being brought against Mr. Garcia for assault against the officers who shot him.

21. This shooting was the result of the reckless, willful, and/or negligent acts and omissions of the City Of New Bedford Police Department officials, employees and others for whom the police department has legal responsibility.

22. Mr. Garcia underwent extensive surgery and was hospitalized for over two weeks as a result of the shooting. Once he was released from the hospital, he needed extended bed rest and missed a significant amount of work. He still has a bullet lodged near his spine.

Mr. Garcia continues to suffer with pain and limited mobility, and is unable to do many things that he could do before the police shot him.

### V.  *Causes of Action*

#### COUNT ONE
(AGAINST INDIVIDUAL DEFENDANTS – VIOLATION OF 42 U.S.C. § 1983)

23. Plaintiff refers to the allegations set forth in paragraphs 1 through 22, above, and incorporates them herein by reference.

24. Acting under the color of law, Defendants deprived Garcia of rights, privileges and immunities guaranteed by the United States Constitution and the laws and Constitution of the Commonwealth of Massachusetts, including freedom from the use of excessive force, freedom from unreasonable search and seizure, and freedom from intimidation and conspiracy designed to impede and hinder the due process of law with the intent of denying Mr. Garcia clearly established rights, privileges and immunities.

WHEREFORE, Mr. Garcia respectfully requests that this Court enter judgment against all defendants pursuant to 42 U.S.C. § 1983, and award him compensatory and punitive monetary damages, and attorneys' fees pursuant to 42 U.S.C. § 1988.

#### COUNT TWO
(AGAINST CITY OF NEW BEDFORD AND NEW BEDFORD POLICE DEPARTMENT – VIOLATION OF 42 U.S.C. § 1983)

25. Plaintiff refers to the allegations set forth in paragraphs 1 through 24, above, and incorporates them herein by reference.

26. At all times relevant to this Complaint, the Defendant Officers were acting under the direction and control of the Police Chief and the City of New Bedford.

27. Acting under color of law and pursuant to official policy or custom, the New Bedford Police Department and the City of New Bedford knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis police officers and agents in their duties to refrain from:

    a. unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

    b. unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities; and

    c. conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the Commonwealth of Massachusetts.

28. By systematically failing to instruct, supervise, control, and discipline its police officers, the City of New Bedford and its Police Department deprived Mr. Garcia of his clearly established right to be free from unreasonable search and seizure in violation of the Fourth, Fifth, and Fourteenth amendments of the Constitution of the United States.

29. The City of New Bedford and its Police Department knew, or if they had diligently exercised their duty to instruct, supervise, control, and discipline their officers on a continuing basis, should have known that the wrongs conspired to be done, as heretofore alleged, were about to be committed.

30. As a direct result of the City of New Bedford and its Police Department's failures in derogation of their deprivation of Mr. Garcia's rights, Mr. Garcia was severely injured, suffered severe mental anguish, and lost significant income.

WHEREFORE, Mr. Garcia respectfully requests that this Court enter judgment against all defendants pursuant to 42 U.S.C. § 1983, and award him compensatory and punitive monetary damages, and attorneys' fees pursuant to 42 U.S.C. § 1988.

## COUNT THREE
(AGAINST INDIVIDUAL DEFENDANTS –
G.L. c. 12, § 11H-I – MASSACHUSETTS CIVIL RIGHTS ACT)

31. Plaintiff refers to the allegations set forth in paragraphs 1 through 30, above, and incorporates them herein by reference.

32. Defendants interfered, or attempted to interfere, by threats, intimidation or coercion, with Plaintiff's exercise and enjoyment of his rights -- e.g., his rights to his liberty, and his right to due process -- secured by the state and federal constitutions or laws of the United States and/or the Commonwealth of Massachusetts.

33. Acting under color of state law, the Officers used excessive force and threatened Mr. Garcia's liberty by shooting him two times without any justification, falsely arresting and maliciously prosecuting him.

34. Defendants City of New Bedford and the New Bedford Police Department are liable under the doctrine of *respondeat superior*.

35. As a direct and proximate result of the defendants' conduct, Mr. Garcia suffered three gunshot wounds requiring extensive surgery and hospitalization, missed a significant amount of work, was intimidated and put in a state of continuing anxiety.

36.     By engaging in the conduct described above, the individual defendants interfered by means of threats, intimidation, and/or coercion with Mr. Garcia's exercise and enjoyment of his rights, including the right to be free from unreasonable seizure, from being deprived of due process of law, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and by the laws and constitution of the Commonwealth of Massachusetts. Accordingly, the individual defendants are liable to Mr. Garcia for violating his civil rights under G.L. c. 12, §§ 11H-11I.

WHEREFORE, Mr. Garcia respectfully requests that this Court enter judgment against all defendants pursuant to G.L. c. 12, §§ 11H-11I.

## COUNT FOUR
### (AGAINST ALL DEFENDANTS – ASSAULT)

37.     Plaintiff refers to the allegations set forth in paragraphs 1 through 36, above, and incorporates them herein by reference.

38.     The Officers intentionally created an apprehension of immediate physical harm by bursting into his apartment and shooting at him.

39.     A reasonable person would become apprehensive in the face of defendants' threatening conduct.

40.     Defendants City of New Bedford and the New Bedford Police Department are liable under the doctrine of *respondeat superior*.

WHEREFORE, the Plaintiff demands judgment in favor of Plaintiff and against the Defendants in an amount to be determined after a full accounting, including costs and interest.

## COUNT FIVE
### (AGAINST ALL DEFENDANTS – BATTERY)

41. Plaintiff refers to the allegations set forth in paragraphs 1 through 40, above, and incorporates them herein by reference.

42. Without Mr. Garcia's consent, the Officers intentionally, harmfully, and offensively touched Garcia by shooting him two times.

43. Defendants City of New Bedford and the New Bedford Police Department are liable under the doctrine of *respondeat superior*.

WHEREFORE, the Plaintiff demands judgment in favor of Plaintiff and against the Defendants in an amount to be determined after a full accounting, including costs and interest.

## COUNT SIX
### (AGAINST ALL DEFENDANTS – CONSPIRACY)

44. Plaintiff refers to the allegations set forth in paragraphs 1 through 43, above, and incorporates them herein by reference.

45. In an attempt to cover up the fact that the Officers shot Mr. Garcia without any justification, the Defendants agreed to charge Mr. Garcia with four counts of assault with a dangerous weapon on a police officer.

46. Defendants City of New Bedford and the New Bedford Police Department are liable under the doctrine of *respondeat superior*.

47. As a result of the defendants' conspiracy, Mr. Garcia has suffered serious injuries.

WHEREFORE, the Plaintiff demands judgment in favor of Plaintiff and against the Defendants in an amount to be determined after a full accounting, including costs and interest.

## COUNT SEVEN
### (AGAINST ALL DEFENDANTS – NEGLIGENCE)

48. Plaintiff refers to the allegations set forth in paragraphs 1 through 47, above, and incorporates them herein by reference.

49. The Officers negligently shot Mr. Garcia, who was unarmed and posed no threat to them.

50. As a proximate result of the shooting, Mr. Garcia suffered two gunshot wounds, was rushed to the hospital, underwent extensive surgery, and spent over two weeks in the hospital. He missed a significant amount of work, and has suffered severe mental and emotional anguish as a result of the shooting.

51. Defendants City of New Bedford and the New Bedford Police Department are liable under the doctrine of *respondeat superior*.

WHEREFORE, the Plaintiff demands judgment in favor of Plaintiff and against the Defendants in an amount to be determined after a full accounting, including costs and interest.

## COUNT EIGHT
### (AGAINST ALL DEFENDANTS – FALSE IMPRISONMENT)

52. Plaintiff refers to the allegations set forth in paragraphs 1 through 51, above, and incorporates them herein by reference.

53. The Plaintiff was arrested at the scene and considered "in custody" at St Lukes Hospital.

54. The Plaintiff should not have been imprisoned because no weapon was found at the scene and the Plaintiff did not assault the police officers with a dangerous weapon.

55. The New Bedford Police Department imprisoned the Plaintiff knowing that the charges brought against him were false.

WHEREFORE, the Plaintiff demands judgment in favor of Plaintiff and against the Defendants in an amount to be determined after a full accounting, including costs and interest.

## COUNT NINE
### (AGAINST ALL DEFENDANTS – MALICIOUS PROSECUTION)

56. Plaintiff refers to the allegations set forth in paragraphs 1 through 55, above, and incorporates them herein by reference.

57. Defendants initiated a groundless criminal complaint against Mr. Garcia in which they made misrepresentations in order to accomplish an ulterior purpose for which the legal process was not designed or intended.

58. Defendant, City of New Bedford is liable under the doctrine of *respondeat superior*.

WHEREFORE, the Plaintiff demands judgment in favor of Plaintiff and against the Defendants in an amount to be determined after a full accounting, including costs and interest.

## COUNT TEN
### (AGAINST ALL DEFENDANTS – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

59. Plaintiff refers to the allegations set forth in paragraphs 1 through 58, above, and incorporates them herein by reference.

60. Defendants intentionally and deliberately inflicted emotional distress on Mr. Garcia, first, by shooting him in his apartment in violation of his constitutional rights, by falsely arresting and imprisoning him, by conspiring to cover up the unlawful arrest by maliciously prosecuting him.

61. The defendants knew or should have known that emotional distress was the likely result of their conduct.

62. Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

63. The defendants' actions caused Mr. Garcia severe emotional distress which no reasonable person can be expected to endure.

64. Defendant City of New Bedford is liable under the doctrine of *respondeat superior*.

WHEREFORE, the Plaintiff demands judgment in favor of Plaintiff and against the Defendants in an amount to be determined after a full accounting, including costs and interest.

### VI. *Request for Relief*

For the causes set forth above, Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment in favor of Plaintiff and against the Defendants on all Counts set forth above, together with costs, interest and attorneys' fees; and

B. Award Plaintiff such other and further relief as he may be able to demonstrate he is entitled to.

### VII. *Jury Demand*

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

Respectfully submitted,
WILLIAM GARCIA, JR.,
By his attorney,

Stephen M. Salon, BBO#439280
SALON & ASSOCIATES, LLC
Old City Hall
45 School Street
Boston, MA 02108
(617) 742-7446

Dated: February 23, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) William Freitas v. City of New Bedford

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   __ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   __ V.   150, 152, 153.

   **05-10357 GAO**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES   **NO**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?  (SEE 28 USC §2403)

   YES   **NO**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES   NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES   **NO**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   **YES**   NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION   CENTRAL DIVISION   WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      **EASTERN DIVISION**   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Stephen H. Sala
ADDRESS  Old City Hall, 45 School St, Boston MA 02108
TELEPHONE NO.  617-742-7446

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DEFENDANTS

FILED
IN CLERKS OFFICE
2005 FEB 23 P 2:49
U.S. DISTRICT COURT
DISTRICT OF MASS

(b) County of Residence of First Listed Plaintiff: Bristol
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Bristol
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): (617) 742-7446
Solan + Associates LLC
Old City Hall - 45 School St Boston MA 02108

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. ☐ 660 Occupational Safety/Health | ☐ 830 Patent ☐ 840 Trademark | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / PERSONAL PROPERTY ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☒ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC § 1983, 1985(3) 1986 and 1988 + 18 USC § 1341, 1511, 1961

Brief description of cause:
Civil rights action for damages

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 2/23/05

SIGNATURE OF ATTORNEY OF RECORD: Stephen Solon (snc)

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____